Filed 4/10/14  P. v. Vickers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C073754 |
| Plaintiff and Respondent, | (Super. Ct. No. CM036121) |
| v. | |
| DARRIN LUDRATE VICKERS, | |
| Defendant and Appellant. | |

This appeal comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 *(Wende)*.

**BACKGROUND**

A complaint deemed an information, filed on March 8, 2012, charged defendant Darrin Ludrate Vickers with sale or transportation of oxycodone (count 1; Health & Saf. Code, § 11352, subd. (a)), possession of morphine for sale (count 2; Health & Saf. Code, § 11351), and possession of methylphenidate (Ritalin) for sale (count 3; Health & Saf.

1

Code, § 11378). One prior strike (Pen. Code, §§ 667, subds. (b)-(i),[1] 1170.12, subds. (a)-(d)) and four prior prison terms (§ 667.5, subd. (b)) were also alleged.

On October 2, 2012, defendant pled no contest to count 1 and admitted the strike prior in return for the dismissal of all other counts and allegations. Counsel stipulated to a factual basis from the probation report, which states, among other things, that law enforcement agents purchased 22 oxycodone pills from defendant on February 7, 2012. Defendant admitted that he had a prior conviction for attempted murder (§§ 187/664) in 1989.

On March 12, 2013, the trial court denied defendant's motion to strike the strike and sentenced him to 10 years in state prison, the upper term doubled due to the strike. The court awarded defendant 20 days of presentence custody credit (10 actual days and 10 conduct days). The court imposed a $2,000 restitution fine (§ 1202.4, subd. (b)), a suspended parole revocation fine in the same amount (§ 1202.45), and other appropriate assessments, fees, and the applicable registration requirement.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed, and we have received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

---

[1] Further undesignated statutory references are to the Penal Code.

**DISPOSITION**

The judgment is affirmed.

       DUARTE       , J.

We concur:

       BUTZ       , Acting P. J.

       HOCH       , J.